UNITED STATES of America,
Plaintiff–Appellee

v.

Jose Armando LUCERO–RAMIREZ,
Defendant–Appellant.

Nos. 06–51691, 07–50060
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 21, 2007.

Joseph H. Gay, Jr, Assistant Us Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Federal Public Defender's, Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM: *

Jose Armando Lucero–Ramirez (Lucero) appeals his guilty-plea conviction of, and sentence for, violating 8 U.S.C. § 1326 by being found in the United States without permission after deportation. He argues, in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the 57–month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Lucero's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.2005); *Rangel–Reyes v. United States*, —— U.S. ——, 126 S.Ct. 2873, 165 L.Ed.2d 910 (2006); *United States v. Pineda–Arrellano*, 492 F.3d 624 (5th Cir.2007). Lucero properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Lucero's appeal of his revocation of supervised release was consolidated with the instant appeal. He has not, however, raised any argument with respect to these proceedings. Any such claim is thus deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir.1993).

The judgments of the district court are AFFIRMED. The Government's motion for summary affirmance is GRANTED. The Government's motion for an extension of time to file a brief is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.